PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LESA JEAN REED, | ) | |
| | ) | CASE NO. 5:20-CV-1836 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DANIEL J. GRIMMINGER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | |

On July 24, 2020, Plaintiff filed a Complaint in the Stark County, Ohio, Court of Common Pleas, Case No. 2020CV01063. ECF No. 1-1. Defendants removed the case to this Court on August 18, 2020, on the basis of diversity of citizenship jurisdiction. ECF No. 1. Defendants also filed a Partial Motion to Dismiss. ECF No. 3.

Noting that 28 U.S.C. § 1441(b)(2) prohibits defendants who are sued in their home state from removing on the basis of diversity jurisdiction, and that Defendants are all domiciled in Ohio, the Court issued an Order requiring Defendants to show cause as to why this case should not be remanded as improperly removed. ECF No. 5. Defendants filed a Response (ECF No. 6), and the parties subsequently filed a Joint Motion for Extension of Time, requesting more time for Plaintiff to respond to Defendants' Partial Motion to Dismiss. ECF No. 7. Most recently, Plaintiff filed a Reply in opposition to Defendants' Response to the Court's Order to Show Cause. ECF No. 8.

Defendants' Response is not responsive to the Court's Order to Show Cause. *See* ECF No. 6. In fact, Defendants "fully acknowledge the Court's application and statement regarding 28 U.S.C. § 1441(b)(2)." *Ic.* at PageID #: 126. Defendants argue that the Court should

(5:20-CV-1836)

nevertheless exercise jurisdiction over this case because they intend to file a motion for joinder of an additional defendant if the Court denies Defendants' pending Partial Motion to Dismiss. *Id.* at PageID #: 127.

Defendants' arguments are not persuasive for at least three reasons. First, the Court must determine that the case was properly removed before adjudicating any matters on the merits, *i.e.*, resolving the motion to dismiss. Second, the Partial Motion to Dismiss does not seek to dismiss the claim with respect to which Defendants allege an additional defendant should be joined, so there would be no reason for Defendants to wait to file a joinder motion. *See* ECF No. 3. Finally, even if Defendants were to file a joinder motion, they indicate it would seek to add a defendant who is a citizen of Pennsylvania. Plaintiff is a citizen of Pennsylvania, so such joinder would simply provide the Court with an additional reason for remanding this case: lack of diversity. *See* 18 U.S.C. § 1332(a)(1); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Indeed, the diversity issue would likely prevent the Court from granting Defendants' joinder motion at all. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

Ultimately, Defendants have failed to show cause why the Court should not remand this case to the Stark County, Ohio, Court of Common Pleas, where it was originally filed. The Court will issue an Order of Remand accordingly.

IT IS SO ORDERED.

| | |
|---|---|
| September 21, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |